IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03572-KAS

B.S.C.C.,

　　　Petitioner,

v.

JUAN BALTAZAR, Warden Aurora ICE Processing Center;
DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, U.S. Attorney General;

　　　Respondents.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's Application for Writ of Habeas Corpus [#1] (the "Petition").

In the Petition [#1], Petitioner argues that he has been unlawfully detained pursuant to 8 U.S.C. § 1225(b) and denied a bond hearing as a result; he argues that he may only be detained pursuant to 8 U.S.C. § 1226(a) and that he is therefore entitled to a bond hearing. This is substantively identical to an argument the Tenth Circuit recently ruled on in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); in that case, the Tenth Circuit agreed with the petitioner that he was entitled to a bond hearing. Moreover, Respondents have not formally opposed the Petition and acknowledge that as a result, "the Court may . . . decide to grant the Petition and award appropriate relief." The Court finds that under these circumstances, the Petition may be granted.

The Court further finds that the appropriate relief under the circumstances is a bond hearing. Although Petitioner requests immediate release, this Court has previously found that "§ 1226(a) 'does not require release,' but instead 'provides DHS the discretion to grant an alien release on bond[.]" *Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1471424, at *5 (D. Colo. Apr. 3, 2026), *report and recommendation adopted*, 2026 WL 1282807 (D. Colo. May 11, 2026). The Court reaches the same conclusion here. The Court also notes that in the absence of any argument by Respondents to the contrary, "at the bond hearing, Respondents will bear the burden of proof by clear and convincing

evidence." *Soto-Castro v. Baltazar*, No. 26-cv-02210-KAS, 2026 WL 1579837, at *3 (D. Colo. June 2, 2026) (citing *Kumar*, 2026 WL 1471424 at *5). Accordingly,

IT IS HEREBY **ORDERED** that the Petition [#1] is GRANTED in part.

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner with a bond hearing **within 7 days of the issuance of this Order**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER ORDERED that, **within 10 days of the issuance of this Order**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date upon which Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: August 11, 2026